## Commonwealth ex rel. Robertson v. Myers

*James Robertson*, p.p., for relator.

*Benjamin H. Renshaw, Jr.*, for Commonwealth.

REIMEL, J., February 3, 1959.—This matter comes before the court on relator's petition and rule to show cause why a writ of habeas corpus should not be issued.

The petition alleges that defendant was denied adequate time to prepare his defense, that he was deprived of counsel, that perjured and hearsay testimony was permitted at his trial, that the evidence was insufficient to support the verdict and that he was denied due process of law.

A review of the testimony and the trial before Judge Gerald F. Flood and a jury discloses that relator was not denied adequate time to prepare his defense. Moreover, relator had counsel, whose services he refused, was given the opportunity to engage other counsel and that he chose to act as his own counsel. The record discloses that he cross-examined witnesses in detail and that he argued at great length on his own behalf to the jury. The court is of the opinion that relator was not denied due process of law and there was no ingredient of unfairness in his trial which actively operated in the process that resulted in his confinement: Commonwealth ex rel. McGlinn v. Smith, 344 Pa. 41.

Relator's allegations of errors in the admission of evidence cannot be raised by habeas corpus proceedings: Commonwealth ex rel. De Poe v. Ashe, 167 Pa. Superior Ct. 23.

Upon a careful consideration of the petition for writ of habeas corpus and an examination of the record in this case the court finds that there are no factual issues for determination and, therefore, no hearing is necessary. Therefore, the rule is discharged and the petition is denied.